IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

MICHAEL DAVID HINTON,
    Plaintiff,

vs.                                              Case No. 5:12cv248/MP/CJK

S. HEWITT,
    Defendant.

## REPORT AND RECOMMENDATION

This prisoner civil rights case is before the Court upon referral from the Clerk. Plaintiff commenced this action on August 1, 2012, by filing a civil rights complaint under 42 U.S.C. § 1983 (doc. 1), and a motion to proceed *in forma pauperis* (doc. 2). Plaintiff's application to proceed *in forma pauperis* included a prisoner consent form in which plaintiff acknowledged his statutory obligation to pay the full amount of the filing fee regardless of the disposition of this case. (Doc. 5) (setting forth the financial obligations of a prisoner proceeding *in forma pauperis* under 28 U.S.C. § 1915). On September 27, 2012, the Court granted plaintiff leave to proceed *in forma pauperis* and assessed plaintiff an initial partial filing fee of $6.67 to be paid within thirty days. (Doc. 6). The order reminded plaintiff that dismissal or other disposition of this case would not relieve him of his obligation to pay the $350.00 filing fee in full. (*Id.*).

On November 27, 2012, plaintiff moved to voluntarily dismiss this case, explaining that he was pursuing a state court tort action and that pursuing cases in

both the federal and state courts "may complicate litigation." (Doc. 9, p. 1). Plaintiff further explained that "a Federal claim is no longer practical or necessary" as plaintiff "has been transfer[r]ed closer to home, and his medical needs are acknowledged and considered." (*Id.*, p. 2). Plaintiff's motion was not accompanied by the $6.67 initial partial filing fee, but instead requested that the Court "release him from the monetary requir[e]ment pursuant to section 1915(b)(2) U.S.C.A as he has decided to voluntarily dismiss case no. 5:12cv248-MP-CJK due to costs and other contributing factors." (Doc. 9, p. 2). In closing, plaintiff asserted: "Wherefore, Plaintiff, of his own free will, regardless of the accompanying requests herein, does freely and willingly dismiss the above-styled cause of action in re: Case No: 5:12cv248-MP-CJK." (*Id.*).

On December 4, 2012, the Court issued an order reminding plaintiff that dismissal of this case would not relieve him of his obligation to pay the filing fee or release the lien placed on his inmate trust account pursuant to the Court's September 27, 2012 order. (Doc. 10) (*citing* 28 U.S.C. § 1915(b)). The Court advised plaintiff: "If, given this information, plaintiff does **not** wish to voluntarily dismiss this case, plaintiff shall file, within fourteen days from the date of this order, a motion to withdraw his motion to dismiss." (Doc. 10). The Court ordered that plaintiff's motion to dismiss would be granted in fourteen days "unless plaintiff files with the Court a Motion to Withdraw Motion to Dismiss accompanied by the $6.67 initial partial filing fee." (*Id.*, p. 2). The Court expressly warned plaintiff: "If plaintiff does not withdraw his motion and pay the initial partial filing fee within that time, the Motion to Dismiss (doc. 9) will be granted, and this case will be dismissed without prejudice. (*Id.*, p. 2).

On December 18, 2012, plaintiff filed a response to the December 4, 2012 order, re-asserting his desire to voluntarily dismiss this action under Federal Rule of Civil Procedure 41(a)(1)(A)(i), but again arguing that he should be "released from the

monetary obligations imposed by statute." (Doc. 12, p. 1). Three days later, the Department of Corrections forwarded to the Court a $10.00 partial filing fee payment, pursuant to the order granting IFP. (Doc. 11).

In light of plaintiff's continued desire to voluntarily dismiss this case, plaintiff's motion to dismiss should be granted.[1]

Accordingly, it is respectfully RECOMMENDED:

1. That plaintiff's Motion to Dismiss (doc. 9) be GRANTED.

2. That this case be DISMISSED WITHOUT PREJUDICE pursuant to plaintiff's voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(i).

3. That the Clerk be directed to close the file.

At Pensacola, Florida this 23rd day of January, 2013.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.
UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy hereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>. A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).

---

[1] Plaintiff's other case filed in this Court, *Hinton v. Griffith*, Case Number 5:12cv262/RS/EMT, was dismissed on January 10, 2013, following plaintiff's filing of an essentially identical motion to dismiss.